**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X   Case No.

ROSEMARY RADICCHI,

                Plaintiff,

                                    **COMPLAINT**

    -against-

                                 **SUMMONS ISSUED**

NCO FINANCIAL SYSTEMS, INC.
                               Defendant.
-----------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

### INTRODUCTION

        1.    This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

### PARTIES

        2.    Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a foreign business corporation incorporated in Pennsylvania. Defendant uses the mail to collect defaulted consumer debt owed or due or alleged to be owed or due to others.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5. That plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6. That plaintiff is alleged to owe a defaulted debt incurred for personal purposes to TD Bank, N.A.

7. That TD Bank sent various communications to plaintiff in an attempt to collect the debt.

8. That plaintiff conferred with her attorneys at Fagenson & Puglisi concerning TD Bank's attempts to collect the debt from her.

9. That by letter dated August 10, 2011, Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to TD Bank informing TD Bank that Fagenson & Puglisi represents plaintiff and that plaintiff was disputing the debt. That said letter also requested information supporting defendant's claim.

10. That a copy of said August 10, 2011 letter is attached as Exhibit 1.

11. That by letter dated August 26, 2011, TD Bank wrote to Ms. Puglisi, acknowledging receipt of her letter and enclosing purported verification of the debt.

–2–

12. That a copy of said August 26, 2011 TD Bank letter is attached as Exhibit 2.

13. That by letter dated January 14, 2012 defendant wrote to plaintiff in an attempt to collect the said debt.

14. That defendant sent said letter directly to plaintiff at her home.

AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§1692c(a)(2), 1692e and 1692e(10)

15. That plaintiff re-alleges paragraphs 1-14 as if fully re-stated herein.

16. That, on information and belief, TD Bank did inform defendant that plaintiff was represented by counsel in the matter of the collection of the debt, upon TD Bank's assigning the debt to defendant for collection.

17. That, in any event, defendant had an affirmative duty to inquire of TD Bank whether plaintiff was represented by counsel in the matter.

18. That defendant did not comply with its duty to make such an inquiry of TD Bank.

19. That, notwithstanding being informed by TD Bank that plaintiff was represented by counsel, defendant sent the January 14, 2012 letter directly to plaintiff.

20. That defendant's said letter to plaintiff constitutes a violation of the FDCPA, §1692c(a)(2).

21. That defendant is further in violation of the FDCPA, §§1692e and 1692e(10) in that defendant's conduct in contacting plaintiff directly after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL §349

22. That plaintiff re-alleges paragraphs 1 to 21 as if fully re-stated herein.

23. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

24. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant contacts thousands of consumers within New York State each year by mail.

25. That defendant has a pattern of mailing collection letters directly to thousands of consumers within New York State each year knowing that said consumers are represented by an attorney in connection with the debt it seeks to collect.

26. That plaintiff is a reasonable consumer within the meaning of the NYGBL.

27. That plaintiff suffered emotional distress, anxiety, harassment and abuse upon receiving defendant's letter, even after defendant was informed that she was represented by an attorney.

28. That defendant violated NYGBL §349(a) and is liable to plaintiff under NYGBL §349(h).

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) enjoining defendant from further direct contact with plaintiff pursuant to NYGBL §349.

(b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(c) statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;

(d) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(e) for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
July 10, 2012.

_____
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1

# FAGENSON & PUGLISI
Attorneys at Law
450 Seventh Avenue, Suite 704
New York, NY 10123
(212) 268-2128

(212) 268-2127-fax

Lawrence M. Fagenson
Concetta Puglisi
Noviette Kidd

August 10, 2011

TD Bank
PO Box 1377
Lewiston, Maine 04243-1377

Re: Rosemary Radicchi
Creditor: TD Bank
Account # ▓▓▓▓▓▓▓38

Dear Sir/Madam:

Please be advised that Fagenson & Puglisi represents Rosemary Radicchi. Ms. Radicchi disputes the debt you are attempting to collect.

Authorization from Ms. Radicchi is enclosed. The customer contends there are $▓▓▓ in bank fees added to her account which are not justified. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Please provide detailed information regarding these charges. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In the spirit of customer relations please consider waiving these disputed fees to allow Ms. Radicchi to continue to bank.

Should you have any questions please contact the undersigned. Fagenson & Puglisi is not authorized to accept service of process on behalf of any client.

Very truly yours,
FAGENSON & PUGLISI

CONCETTA PUGLISI

CP/mdm

# EXHIBIT 2



TD Bank, N.A.
PO Box 9547
Portland, ME 04112-9547
**T: 800-354-9769**
www.tdbank.com

August 26, 2011

Attorney Puglisi
450 7th Ave Suite 704
New York, NY 10123

RE: Statements for account of Rosemary Radicchi
    XXXXXX■38

Dear Attorney Puglisi;

I am writing in response to your letter dated 8/10/11. Enclosed you will find the monthly checking account statements for the dates 11/26/10 thru 2/7/11. Please feel free to contact me at the number listed below with any questions.

Sincerely,

*Jennifer Harris*

Jennifer Harris, AVP
Recovery Manager
800-354-9769 Ext 4734