| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | ECF CASE |

------------------------------------------------------------------X   Case No. 12-CV-03577-JG-JO

ROSEMARY RADICCHI,

                                  Plaintiff,                      FIRST AMENDED
                                                                               **COMPLAINT**

       -against-

NCO FINANCIAL SYSTEMS, INC. and
TD BANK, N.A.

                                       Defendants.
------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendants and in support thereof alleges the following:

## INTRODUCTION

        1.      That this is an action for damages brought by an individual consumer against NCO Financial Systems, Inc. ("NCO") for its violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.      That, further, this is an action for damages brought by an individual consumer against TD Bank, N.A. ("TD Bank") pursuant to New York General Business Law ("NYGBL") § 349 regarding TD Bank's deceptive acts and practices.

## PARTIES

3. That plaintiff is a natural person who resides in this District.

4. That plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) in that the alleged debt that defendants sought to collect from plaintiff was originally incurred, if at all, for personal, family or household purposes and is therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5).

5. That plaintiff is a reasonable consumer who acted reasonably under the circumstances alleged herein.

6. That defendant NCO is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

7. That NCO uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

8. That upon information and belief, NCO is a foreign business corporation incorporated in Pennsylvania.

9. That defendant TD Bank is a national banking association chartered under the laws of the United States.

10. That TD Bank has a principal place of business in Cherry Hill, New Jersey.

11. That at all material times TD Bank maintained offices and branches within this District.

12. That at all material times TD Bank engaged in doing business within this District.

## JURISDICTION AND VENUE

13. That this Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. §1367.

14. That this Court has venue pursuant to 28 U.S.C. § 1391(b), in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

15. That plaintiff re-alleges paragraphs 1-14 as if fully re-stated herein.

16. That at all material times plaintiff maintained a personal checking account at TD Bank.

17. That TD Bank alleged that at some point in time plaintiff's account became overdrawn.

18. That TD Bank alleged that plaintiff owed it a debt by reason of the overdraft.

19. That TD Bank sent various communications to plaintiff in an attempt to collect the debt.

20. That plaintiff conferred with her attorneys at Fagenson & Puglisi concerning TD Bank's attempts to collect the debt from her.

21. That by letter dated August 10, 2011, Concetta Puglisi, Esq. of Fagenson & Puglisi wrote to TD Bank informing TD Bank that Fagenson & Puglisi represented plaintiff and that plaintiff was disputing the debt.

22. That said letter dated August 10, 2011 also requested information supporting TD Bank's claim.

23. That a copy of said August 10, 2011 letter (redacted) is attached as Exhibit 1.

24. That by letter dated August 26, 2011, TD Bank wrote to Ms. Puglisi, acknowledging receipt of her letter and enclosing purported verification of the debt.

25. That a copy of said August 26, 2011 TD Bank letter (redacted) is attached as Exhibit 2.

26. That by letter dated January 14, 2012 NCO wrote to plaintiff directly in an attempt to collect the said TD Bank debt.

27. That in its January 14, 2012 letter NCO represented that it was collecting the debt on behalf of TD Bank.

28. That NCO sent its January 14, 2012 letter directly to plaintiff at her home.

29. That upon her receipt of NCO's letter plaintiff read same.

30. That upon reading NCO's letter plaintiff felt shock, surprise, confusion, stress, aggravation, emotional anxiety, harassment, irritability and indignation.

31. That after reading NCO's letter, plaintiff telephoned NCO about the debt at the telephone number listed in the letter.

32. That a copy of NCO's letter (redacted) is attached as Exhibit 3.

## *ALLEGATIONS AGAINST NCO*

## AS AND FOR A FIRST CAUSE OF ACTION

FDCPA, §§ 1692c(a)(2), 1692e and 1692e(10)

33. That plaintiff re-alleges paragraphs 1-32 as if fully re-stated herein.

34. That, on information and belief, upon TD Bank assigning the debt to NCO for collection, TD Bank did inform NCO that plaintiff was represented by counsel in the matter of the collection of the debt and that plaintiff disputed the debt.

35. That, in any event, NCO had an affirmative duty to inquire of TD Bank whether plaintiff was represented by counsel in the matter, before NCO contacted plaintiff.

36. That NCO did not comply with its duty to make such an inquiry of TD Bank.

37. That, notwithstanding being informed by TD Bank that plaintiff was represented by counsel, NCO sent Exhibit 3 directly to plaintiff at her home.

38. That, notwithstanding its failure to comply with its affirmative duty to inquire of TD Bank whether plaintiff was represented by counsel, NCO sent Exhibit 3 directly to plaintiff at her home.

39. That NCO's sending of Exhibit 3 to plaintiff constitutes a violation of the FDCPA, § 1692c(a)(2).

40. That NCO is further in violation of the FDCPA, §§ 1692e and 1692e(10) in that NCO's conduct in contacting plaintiff directly after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt and mislead plaintiff into telephoning NCO.

WHEREFORE, plaintiff respectfully prays that judgment be entered against NCO as follows:

    (a)    statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

    (b)    reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

    (c)    for such other and further relief as may be just and proper.

## *ALLEGATIONS AGAINST TD BANK IN THE ALTERNATIVE*

### AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL § 349

41. That plaintiff re-alleges paragraphs 1 to 40 as if fully re-stated herein.

42. As and for an alternative theory of liability, TD Bank did not inform NCO that plaintiff was represented by counsel or that plaintiff disputed the debt.

43. That as a depositor of TD Bank, plaintiff was owed a duty by TD Bank to effect its collection of plaintiff's alleged debt with reasonable care.

44. That TD Bank breached said duty when it did not inform NCO that plaintiff was represented by counsel or that plaintiff disputed the debt upon TD Bank assigning the account to NCO for collection.

45. That, on information and belief, TD Bank has a collection services agreement with NCO pursuant to which TD Bank assigned plaintiff's account to NCO for collection.

46. That, on information and belief, TD Bank assigns tens, if not hundreds, of consumer accounts of New York residents each month to NCO for collection pursuant to the said collection services agreement.

47. That TD Bank does not have an agreement or procedure in place with NCO pursuant to which TD Bank ensures that it does not assign to NCO accounts of consumers who TD Bank knows are represented by counsel.

48. That TD Bank does not have an agreement or procedure in place with NCO pursuant to which TD Bank ensures that where it assigns to NCO accounts of consumers who TD Bank knows are represented by counsel, counsel's contact information as known by TD Bank is also transmitted to NCO upon the assignment.

49. That TD Bank regularly assigns accounts to NCO, and to other debt collectors, for collection which belong to consumers who are represented by counsel without so informing the debt collectors, thereby causing NCO and the other debt collectors to improperly contact said consumers directly.

50. That TD Bank's failure to inform NCO that plaintiff was represented by counsel and that plaintiff disputed the debt upon TD Bank's assigning of the account to NCO for collection is a deceptive and misleading act and practice.

51. That said deceptive and misleading act and practice was committed by TD Bank in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

52. That TD Bank's deceptive and misleading act and practice was consumer-oriented, in that the failure to inform NCO that plaintiff was represented by counsel and that plaintiff disputed the debt was not a failure limited to plaintiff's allegedly

overdrawn account, but extended to the accounts of other consumers which TD Bank assigned to debt collectors for collection.

53. That TD Bank's said failure has a broad impact on consumers at large whose accounts are assigned to debt collectors by TD Bank.

54. That TD Bank owes a duty to plaintiff to honor her right to legal representation and TD Bank's failure to honor said right resulted in NCO sending Exhibit 3 to plaintiff and in plaintiff being deceived into telephoning NCO directly about a debt collection for which she had legal representation.

55. That, therefore, TD Bank's failure to inform NCO of plaintiff's legal representation and of plaintiff's dispute of the debt was deceptive and misleading in a material way.

56. That plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

57. That plaintiff suffered shock, surprise, confusion, stress, aggravation, emotional anxiety, harassment, irritability and indignation upon receiving NCO's letter, even after TD Bank was informed that she was represented by counsel.

58. That NCO violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

59. That in that TD Bank maintained no agreement or procedure with NCO to ensure that TD Bank does not assign accounts of legally–represented consumers for collection or, at the very least, to ensure that TD Bank informs NCO of attorney representation of its consumers, TD Bank acted willfully or knowingly in its violation of § 349(a).

WHEREFORE, plaintiff respectfully prays that judgment be entered against TD Bank as follows:

(a) statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(b) treble damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(c) reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(d) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
March 28, 2013.

/s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com

# EXHIBIT 1

# FAGENSON & PUGLISI
Attorneys at Law
450 Seventh Avenue, Suite 704
New York, NY 10123
(212) 268-2128

(212) 268-2127-fax

Lawrence M. Fagenson
Concetta Puglisi
Novlette Kidd

August 10, 2011

TD Bank
PO Box 1377
Lewiston, Maine 04243-1377

Re: Rosemary Radicchi
Creditor: TD Bank
Account # ▓▓▓▓▓▓

Dear Sir/Madam:

Please be advised that Fagenson & Puglisi represents Rosemary Radicchi. Ms. Radicchi disputes the debt you are attempting to collect.

Authorization from Ms. Radicchi is enclosed. The customer contends there are $▓▓ in bank fees added to her account which are not justified. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Please provide detailed information regarding these charges. ▓▓▓▓▓▓▓▓▓▓▓▓ In the spirit of customer relations please consider waiving these disputed fees to allow Ms. Radicchi to continue to bank.

Should you have any questions please contact the undersigned. Fagenson & Puglisi is not authorized to accept service of process on behalf of any client.

Very truly yours,
FAGENSON & PUGLISI

CONCETTA PUGLISI

CP/mdm

# EXHIBIT 2



**TD Bank**
America's Most Convenient Bank®

TD Bank, N.A.
PO Box 9547
Portland, ME 04112-9547
T: 800-354-9769
www.tdbank.com

August 26, 2011

Attorney Puglisi
450 7th Ave Suite 704
New York, NY 10123

RE: Statements for account of Rosemary Radicchi
XXXXXX█

Dear Attorney Puglisi;

I am writing in response to your letter dated 8/10/11. Enclosed you will find the monthly checking account statements for the dates 11/26/10 thru 2/7/11. Please feel free to contact me at the number listed below with any questions.

Sincerely,

*Jennifer Harris*

Jennifer Harris, AVP
Recovery Manager
800-354-9769 Ext 4734

# EXHIBIT 3

PO BOX 15630
DEPT 99
WILMINGTON DE 19850

Calls to or from this company may be monitored
or recorded for quality assurance.

# NCO FINANCIAL SYSTEMS, INC.

507 Prudential Road, Horsham, PA 19044

1-866-870-8316
OFFICE HOURS(ET):
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Jan 14, 2012

54 - 24128

3Y5CLI
ROSEMARY N RADICCHI

CREDITOR: TD BANK, N.A.
CREDITOR'S ACCOUNT #:
REGARDING: OVERDRAFT
CURRENT BALANCE DUE: $

## Your Account May Be Credit Reported!

Our records indicate that your balance of $ is due in full. It is our intention to work with you to resolve this collection account. However, subject to your dispute and validation rights provided below, if you fail to resolve this collection account, we may report the account to all national credit bureaus.

Returned checks may be subject to the maximum fees allowed by your state.

To assure proper credit, please put our internal account number 3Y5CLI on your check or money order.

**You may also make payment by visiting us online at www.ncofinancial.com. Your unique registration code is C3Y5CLI9-9CAODOK.** To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

---

THIS COLLECTION AGENCY IS LICENSED BY THE
DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW
YORK; LICENSE#0907469
CONTACT ALEX DREW AT NCO FINANCIAL SYSTEMS, INC.

| Our Account # | Current Balance Due |
|---|---|
| 3Y5CLI | $ |

ROSEMARY N RADICCHI

Payment Amount

$

Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

NCO FINANCIAL SYSTEMS
PO BOX 15740
WILMINGTON, DE 19850-5740

NCOP 1
24128

0099 000743527748 1 00038500 1 0073 1